**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| TAMIKA SMITH, | ) | |
| | ) | |
|        **PLAINTIFF,** | ) | **CASE NO. 1:23-cv-00038-JRH-BKE** |
| | ) | |
| V. | ) | |
| | ) | |
| PIEDMONT AUGUSTA, | ) | |
| | ) | |
|        **DEFENDANT.** | ) | |
| _____ | ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

COMES NOW, University Health Services, Inc., d/b/a Piedmont Augusta Hospital[1] ("Defendant"), by and through counsel, Constangy, Brooks, Smith & Prophete, LLP, and, pursuant to Fed. R. Civ. P. 8(a), 10(b), and 12(b)(6) files its Motion to Dismiss Plaintiff Tamika Smith's ("Plaintiff") Complaint in its entirety.  In support of its Motion, Defendant shows to the Court as follows:

**<u>INTRODUCTION</u>**

On January 17, 2023, Plaintiff, *pro se*, filed a Complaint in the Magistrate Court of Richmond County against Defendant for "Discrimination." (Doc. 1-1). Her Complaint included a two-page narrative of her statement of claim and a copy of a letter to her from the United States Equal Employment Opportunity Commission ("EEOC"). In the narrative, Plaintiff claims that she was discriminated against based on her "Age," "Disability," and "Color." Therefore, based on the limited information provided, it appears that Plaintiff is alleging discrimination based on her medical disability in violation of the Americans with Disabilities Act, 42. U.S.C § 12112 et. seq

---

[1] Defendant has been improperly named in this action. The proper legal entity is University Health Services, Inc. d/b/a Piedmont Augusta Hospital. Plaintiff was formerly employed by University Health Services, Inc. d/b/a Piedmont Augusta Hospital and/or one of its subsidiaries. For purposes of this Motion, Defendant answers by assuming "Defendant" refers to the proper legal entity and not "Piedmont Augusta."

("ADA"), discrimination based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C § 621 et. seq ("ADEA"), and discrimination based on her color in violation of Title VII of the Civil Rights Act, 42 U.S.C § 2000e et. seq ("Title VII"). While Defendant unequivocally denies any wrongdoing, it is not necessary to get to the merits of Plaintiff's allegations at this juncture because she has failed to exhaust her administrative remedies under Title VII and the ADEA; she failed to bring her ADA suit in the time limit allowed; and on its face her Complaint does not meet the minimum standard pleading requirements.

Plaintiff's EEOC Charge, attached herein as Exhibit A,[2] only contemplated disability discrimination and retaliation, alleging that she was denied an accommodation and terminated. Plaintiff's EEOC Charge does not refer to Plaintiff's age or color. Further, the Determination and Notice of Rights, attached herein at Exhibit B, was issued from the EEOC on September 28, 2022, but Plaintiff did not file her Complaint until 111 days later, on January 17, 2023. For these reasons, Plaintiff's Complaint should be dismissed in its entirety.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Sadiq v. Weller, No. 1:14-CV-3441-MHS, 2014 WL 11462832, at *1 (N.D. Ga. Nov. 24, 2014) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)), aff'd, 610 F. App'x 964 (11th Cir. 2015); see also Griffin v.

---

[2] "The Court 'may consider a document attached to a motion to dismiss, without converting it to a motion for summary judgment, when the plaintiff refers to the document in his complaint, it is central to his claims, and there is no reasonable dispute as to the authenticity of the document.' Booth v. City of Roswell, 754 F. App'x 834, 836 (11th Cir. 2018) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002))." Alvarez v. Bechtel Corp., No. CV421-087, 2022 WL 660177, at *1, n. 2 (S.D. Ga. Mar. 4, 2022). In the case sub judice, Plaintiff attached an undated letter relating to EEOC Charge number 14C-2022-00296 which stated: "Enclosed you will find a Dismissal Notice of Right to Sue and an Information Sheet which describes your right to pursue the matter in court by filing a lawsuit within 90 days of your receipt of the dismissal notice." (Doc. 1-1, pp. 3-4). Plaintiff, however, failed to attach the Determination Notice of Right relating to Charge number 14C-2022-00296, which is attached as Exhibit B. The EEOC Charge attached as Exhibit A similarly bears the number 14C-2022-00296.

Lockheed Martin Corp., 157 F. Supp. 3d 1271, 1273 (N.D. Ga. 2015) (stating that a complaint must contain pled facts that support a "recognizable legal theory").

The Federal Rules of Civil Procedure require "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Roe v. Aware Women Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also, Fed. R. Civ. P. 8(a)(2). Likewise, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Therefore, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor does a complaint suffice if it tenders "naked assertions devoid of further factual enhancement." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Further, dismissal is proper when it is apparent, from the face of the complaint, that the claims are also time-barred.

## LEGAL ANALYSIS

**A.**   **PLAINTIFF'S TITLE VII AND ADEA CLAIMS FAIL AS A MATTER OF LAW BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.**

A plaintiff asserting a claim under Title VII or the ADEA must, in a "non-deferral" state such as Georgia, file a charge of employment discrimination with the EEOC within 180 days of the allegedly discriminatory act. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); Bost v. Federal Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit.") These procedural requirements are statutory. "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred…." 42 U.S.C. § 2000e-

5(e)(1) (emphasis added).  The law in this area is settled and binding.  <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982) (holding that the timely filing of a charge of discrimination with the EEOC is like a statute of limitations). If a party fails to comply with the charge-filing requirement, she cannot assert a claim in court. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101,113 (2002) (A claim is time-barred if it is not filed within the one-hundred-and-eighty-day time limits.).

If a plaintiff received a notice of her right to sue, the plaintiff may bring a judicial complaint, but that "complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." <u>Gregory v. Ga. Dep't of Human Res.</u>, 355 F.3d 1277, 1279-80 (11th Cir. 2004)(internal quotation and citation omitted). Here, Plaintiff's EEOC Charge specifically claims discrimination based only on "disability, retaliation," and describes particulars related to disability and retaliation under the Americans with Disabilities Act. <u>See</u>, Exhibit A. Specifically, Plaintiff's charge provides:

> I was denied reasonable accommodation from on or about December 10, 2022 through April 28, 2022. I submitted documentation from my doctor requesting accommodation due to my medical condition. I was told that if I could not work the Covid Unit, they could not let me work, and as a result, I had to take a leave of absence. Because of my medical condition, I was subjected to such treatment. I was a discharged on or about April 28, 2022. I received a letter stating I was terminated for failing to observe hospital policy. I believe I was subjected to such treatment because of my medical condition and in retaliation for my need for accommodation. I therefore believe I have been discriminated against because of my qualified disability and in retaliation for engaging in an activity protected by the South Carolina Human Affairs Law, as amended and the Americans With Disabilities Act of 1990, as amended.

<u>Id.</u>

Plaintiff's charge of discrimination does not refer to "color" discrimination under Title VII nor does it refer to "age" discrimination under the Age Discrimination in Employment Act. Indeed, Plaintiff does not even identify her race or color in her charge.  Further, Plaintiff's

sworn charge states that her birth year is "1984", making her less than 40 years old and, accordingly, not covered by a protected class under the ADEA.

Therefore, on its face, Plaintiff's claims of discrimination based on color and age should be dismissed because Plaintiff failed to exhaust her administrative remedies.

**B.** **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO TIMELY FILE HER COMPLAINT WITHIN 90 DAYS OF RECEIPT OF THE EEOC'S RIGHT-TO-SUE LETTER.**

To proceed with an employment discrimination suit under Title VII, the ADA, or the ADEA, a complainant must follow the procedure outlined in 42 U.S.C. §2000e-5. Where the EEOC chooses not to prosecute a charge of discrimination filed by a complainant, it "shall so notify the [complainant] and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge...." 42 U.S.C. § 2000e-5(f)(1). A Title VII, ADA,[3] or ADEA[4] action may not be brought more than ninety (90) days after the EEOC notified a complainant of his right to file a lawsuit. Gant v. Jefferson Energy Co-op., No. CV 108-124, 2008 WL 5046220, at *2 (S.D. Ga. Nov. 24, 2008), aff'd, 348 F. App'x 433 (11th Cir. 2009).

The EEOC issued Plaintiff's Determination and Notice of Rights on September 28, 2022. The requirements for filing suit are clearly stated on the Determination and Notice of Rights that Plaintiff received on or around September 28, 2022:

---

[3] The ADA expressly incorporates the enforcement mechanisms contained in Title VII, therefore it provides the same statute of limitations. See 42 U.S.C. § 12117; Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir.2007).

[4] "An action brought pursuant to Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act must be filed within 90 days of the receipt of the EEOC's right-to-sue letter." Hilliard v. Securitas Sec. Servs., USA Inc., No. CV 4:10-146, 2010 WL 2802428, at *1 (S.D. Ga. June 17, 2010), report and recommendation adopted, No. CV 4:10-146, 2010 WL 2802432 (S.D. Ga. July 14, 2010) (citing  42 U.S.C. § 2000e–5(f)(1) and 29 C.F.R. § 1614.407).

**NOTICE OF YOUR RIGHT TO SUE**

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 14C-2022-00296.

It is well established that complaints filed even one day after the expiration of the 90 days are untimely, and subject to dismissal. See, Norris v. Florida Department of Health and Rehabilitative Services, 730 F.2d 682 (11th Cir.1984); Law v. Hercules, Inc., 713 F.2d 691 (11th Cir.1983); Brown v. Consol. Freightway, 152 F.R.D. 656, 658 (N.D. Ga. 1993). In this case, Plaintiff did not file her lawsuit until January 17, 2023, 111 days after the issuance of the Determination and Notice of Rights.  Therefore, on its face, Plaintiff's claims of discrimination based on disability should be dismissed because they are untimely.

**C.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE LEGALLY INADEQUATE.**

Plaintiff's Complaint also fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) provides in the relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party *must* state its claims or defenses in *numbered paragraphs*, each limited as far as practicable to a single set of circumstances." (emphasis added). Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).

Although *pro se* pleadings are generally held to a less stringent standard, courts have recognized that *pro se* plaintiffs must still comply with the minimal pleading standards outlined in the Federal Rules of Civil Procedure. Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006)

(holding that "although *pro se* complaints must be liberally construed, such complaints must still comply with the procedural rules governing the proper form of pleadings"). It is not the court's duty to re-write a plaintiff's complaint to bring it into compliance with the federal pleading requirements. See Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff's Complaint fails to comply with both Rules 8 and Rule 10 of the Federal Rules of Civil Procedure. In each instance that she is claiming discrimination, a basic element of the *prima facie* case is that Plaintiff is a member of a protected class. Here, Plaintiff outlines her claims as discrimination based on "Age," "Disability," and "Color." However, nowhere in her Complaint does she identify her age,[5] disability, or color. She simply concludes that because she was allegedly treated differently it was because of these unidentified characteristics. Further, individuals who are subjected to discrimination based on a protected characteristic and the alleged facts must show that the protected characteristic "played [some] role in the disparate treatment" of the Plaintiff. Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012). Accordingly, "[t]he mere fact that an employee is African–American does not open the courthouse door for a Title VII race claim." Hendon v. Kamtek, 117 F. Supp.3d 1325, 1329 (N.D. Al. 2015). Here, Plaintiff has identified no such facts.

Accordingly, Plaintiff's claims should be dismissed in their entirety for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that this Court dismiss Plaintiff's Complaint and all of its claims, in their entirety.

** SIGNATURES FOLLOW NEXT PAGE **

---

[5] Importantly, based on Plaintiff's EEOC Charge, she was born in 1984, which means she is under 40 and therefore not even in a protected class to bring an age discrimination claim.

Respectfully submitted this 19th day of April, 2023.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ W. Jonathan Martin II
W. JONATHAN MARTIN II
Georgia Bar No. 474590
PATRICIA-ANNE BROWNBACK
Georgia Bar No. 564294

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
jmartin@constangy.com
pbrownback@constangy.com

Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date, I electronically filed the foregoing **MEMORANDUM**

**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

by using the CM/ECF filing system, and served a true copy of the foregoing via U.S. Mail to the

following:

> Tamika Smith
> 214 Missy Lane
> Aiken, SC 29801

This 19th day of April, 2023.

> CONSTANGY, BROOKS, SMITH
> & PROPHETE, LLP
>
> /s/ W. Jonathan Martin II
> W. JONATHAN MARTIN II
> Georgia Bar No. 474590

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
jmartin@constangy.com